

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Superseded By*
*art 29-d V.C.S.*

Hon. Killard L. Threet
County Attorney
Archer County
Archer City, Texas

Dear Sir:  Opinion No. O-2591-A
Re: Refund of assessments to candi-
dates under the described facts

Your letter of August 27, 1940, requests the
opinion of this department touching certain questions
arising out of the facts set out in our Opinion No. O-2591.

Briefly, the facts involved in this opinion were
as follows: Certain individuals of Archer County, Texas,
undertook, respectively, to secure nomination in the gen-
eral primary to the separate offices of county clerk and
district clerk; whereas, because of a decrease in popula-
tion determined by the announcement of the 1940 census
prior to the general primary, only the joint office of
county and district clerk — one office — was subject to
being filled by the qualified voters in the forthcoming
general election. It was therefore ruled by this depart-
ment, as before held in our Opinion No. O-2515, that
nominations in the democratic general primary for such sep-
arate offices would be of no force and effect.

Relating to this same subject matter, your let-
ter propounds the following question:

"Can and should the county Democratic Execu-
tive Committee return to each of the candidates
for non-existing offices the assessment made against
and paid by such candidates? There will be suffi-
cient funds to refund such assessment . . . ."

Article 3108, Revised Civil Statutes of Texas,
provides as follows:

"At the meeting of the county executive

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Millard L. Threet, page 2

committee provided in Article 3117, the county committee shall also carefully estimate the cost of printing the official ballots, renting polling places where same may be found necessary, providing and distributing all necessary poll books, blank stationery and voting booths required, compensation of election officers and clerks and messengers, to report the result in each precinct to the county chairman, as provided for herein, and all other necessary expenses of holding such primaries in such counties and shall apportion such cost among the various candidates for nomination for county and precinct offices only as herein defined, and offices to be filled by the voters of such county or precinct only * * * ." (Emphasis ours).

This statute clearly contemplates that the expenses of the party primary shall be paid by the candidates for nomination to offices to be filled by the voters in the following general election. As pointed out in our opinion No. O-2591, the separate offices of county and district clerk of Archer County were not subject to being filled by the qualified voters in the 1940 general election.

Moreover, as pointed out in our opinion No. O-2591, and as specifically held in our opinions No. O-2337 and No. O-2515, copies of each of which are enclosed for your information, it was incumbent on the party officials of Archer County to take notice of the population of the county as determined by the announcement of the 1940 census prior to the general primary election, wherefore the applications only of those candidates for nomination to the joint office of county and district clerk of Archer County would have been received as being the office subject to being filled by the qualified voters in the forthcoming general election, rather than the separate offices of county and district clerk. Had this been done, the applications of the candidates for the separate offices of county and district clerk would not have been received, their names would not have been printed on the ballot, and no assessment would or could have been made against them. If, however, the announcement of the census was made at a time too late for the party officials to take

Hon. Millard L. Threet, Page 3

such action, or if the officials because of their uncertainty as to the legal effect of the census announcement failed to take such action, we nevertheless are of the opinion that the County Democratic Executive Committee is authorized to refund the assessments paid by such candidates, particularly in view of the statement in your letter that there are sufficient funds with the committee to make such a refund.

We accordingly respectfully answer your question in the affirmative.

The last paragraph of your letter reads as follows:

"There were several votes tabulated for District & County Clerk in the July Primary, as a joint office, which said votes were counted and certified along, with other names, to the County Clerk. Should the County Clerk place the name of the nominee for the joint offices of District & County Clerk on the General Election Ballot?"

We have also received a communication from the county auditor of Archer County, who is also the County Clerk, asking this identical question. In view of the ruling in our Opinion No. O-2591 that the action of the voters in writing in both the title of the office of county and district clerk and the name of Garvey Melugin therefor, was not a valid nomination under the described facts, we are directing Opinion No. O-2692 jointly to you and to the County Auditor wherein this question is fully discussed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Zollie C. Steakley_
Zollie C. Steakley
Assistant

ZCS:ob
Encl. (3)

APPROVED SEP 12, 1940

_Gerald C. Mann_